**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2020
Decided February 10, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1507

| | |
|---|---|
| BRYON K. WINKELMAN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Norther District of Indiana, South Bend Division. |
| *v.* | 3:18-CV-933-DRL |
| ANDREW M. SAUL, Commissioner of Social Security, *Defendant-Appellee*. | Damon R. Leichty, *Judge*. |

**ORDER**

Bryon Winkelman applied for disability benefits, asserting primarily that back, neck, and hip problems, plus pain in his left shoulder, left him disabled. An administrative law judge rejected his claim of disability. As relevant here, the ALJ reasoned that despite his left shoulder pain, Winkelman could still use his left arm to perform some light work. Winkelman argues on appeal that the ALJ failed properly to evaluate a non-treating physician's opinion about restrictions to his left arm. We

conclude, however, that substantial evidence supports the ALJ's decision to discount that doctor's opinion, and so we affirm.

**I**

This appeal turns on whether adequate evidence and reasoning supports the ALJ's decision that Winkelman, who is left-handed, has enough mobility in his left arm to work. Winkelman contends that he became disabled in 2013, when chronic back, neck, and hip pain, as well as pain in his left shoulder, rendered him disabled. Although Winkelman's other ailments were the focus of his benefits application and evidence, only his shoulder restrictions are relevant to his appeal, and so we limit our discussion accordingly.

Winkelman's shoulder pain started in 2007. He injured his left shoulder while lifting weights, and thereafter experienced "mild, intermittent" pain. His shoulder pain worsened in 2013, prompting him to seek treatment. An orthopedist diagnosed a torn rotator cuff and cartilage and suggested an arthroscopic procedure to repair the injury. Prioritizing his other health conditions, Winkelman declined the surgery. He received no other treatment for his shoulder, although he complained to a physician in 2014 that his shoulder pain persisted. Examining Winkelman after this complaint, the doctor observed that he had a full range of motion in his left shoulder. Two other doctors later examined Winkelman, and they confirmed the assessment that he had full-range mobility there.

To assess Winkelman's disability claim, the ALJ received additional evidence. First, the ALJ held a hearing. Winkelman testified that his left shoulder "cracks and pops a lot" when he moves it. He admitted that he can reach in front of his body with both arms and testified that pain occurs if he reaches with his left arm over his head or to his side for "too long." A vocational expert also testified. The expert opined that for a person with the limitations that the ALJ proposed to deal with Winkelman's back, neck, hip, and shoulder pain, including no "overhead reaching on the left," the national economy had a significant number of jobs. After the hearing the ALJ sent interrogatories to a consulting doctor, Dr. Susanne Patrick-MacKinnon. After reviewing Winkelman's medical records, Dr. Patrick-MacKinnon checked boxes indicating that Winkelman should be limited to only "occasional" reaching with his left hand, both "overhead" and in "all other" directions. Below the checked boxes she wrote "history of left rotator cuff tear."

After reviewing all the evidence, the ALJ applied the familiar five-step analysis, see 20 C.F.R. § 404.1520, and found that Winkelman was not disabled. Discussing aspects of the evidence not disputed here, she found that Winkelman had severe

impairments to his back, neck, and hip from degenerative disc disease, residual pain from spinal surgery, osteoarthritis to the left shoulder, and inner-ear dysfunction. Although he could not perform his past jobs because of these impairments, he had the residual capacity to perform light work with some restrictions. One restriction applied to the left arm. The ALJ adopted Dr. Patrick-MacKinnon's recommendation that Winkelman be restricted to reaching "overhead" only "occasionally." (When discussing the doctor's opinion, the ALJ wrote "lifting," but the parties agree that she meant "reaching.") The ALJ accorded this opinion "great weight to the extent that it [was] consistent with the residual functional capacity for the reasons set forth above." In reciting this opinion, the ALJ added that "overhead reaching" with Winkelman's left arm is movement that "he admits he is able to do." The ALJ did not find a limitation on reaching in directions other than overhead. Relying on the testimony of the vocational expert about significant, available jobs, the ALJ then ruled that Winkelman is not disabled. The Appeals Council and the district court did not disturb this decision.

## II

On appeal, Winkelman challenges the ALJ's finding about his left-arm limitations. He contends that the ALJ failed to evaluate properly the opinion of Dr. Patrick-MacKinnon that, because of his old injury, Winkelman should be limited to occasional reaching with his left arm in *all* directions. He believes that the ALJ did not adequately explain her conclusion that Winkelman's only left-arm restriction was occasional *overhead* reaching.

We look to the record to resolve this challenge. The relevant principles are familiar. This court will affirm a decision on disability benefits if the ALJ applied the correct legal standards and her conclusion is supported by substantial evidence. See 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek,* 139 S. Ct. at 1154 (internal citations omitted). An ALJ must consider all medical opinions in the record, see 20 C.F.R. § 404.1527(b), but she need not address in writing every shred of evidence. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). The ALJ need only furnish an "accurate and logical bridge" between the evidence and the conclusion. *Id.*

The ALJ in this case adhered to these principles and adequately explained her findings about Winkelman's left arm. She explained that she assigned "great weight" to Dr. Patrick-MacKinnon's view that Winkelman occasionally can reach overhead with his left arm. She added that Winkelman himself admitted that overhead reaching is

activity "he is able to do." This explanation sufficed to support the ALJ's finding that Winkelman's only left-arm limitation was occasional overhead reaching.

Winkelman responds that when the ALJ made this finding, she did not elaborate, other than to say "for the reasons set forth above." But the ALJ needed only to "minimally articulate" her reasoning. See *Filus v. Astrue*, 694 F.3d 863, 869 (7th Cir. 2012). Earlier in the decision, she had previously recounted Winkelman's testimony that he has no trouble reaching in front with his left arm. And she recited the opinions of three examining doctors that he has full range of motion in his left arm. This explanation was adequate to support the ALJ's conclusion that Winkelman could reach with his left arm in directions other than overhead. See *Winsted v. Berryhill*, 923 F.3d 472, 478 (7th Cir. 2019).

Winkelman also argues that the ALJ's treatment of Dr. Patrick-MacKinnon's opinion requires a remand for clarification. The ALJ approved it only "to the extent that it is consistent with the residual functional capacity." This court has criticized similar boilerplate and required a remand if we have reason to think that the ALJ is forcing the evidence into a foregone conclusion. See *Filus*, 694 F.3d at 868. But a remand is unnecessary if an ALJ adequately supports her conclusion with evidence in the record, see *id.*, and we are confident that she would reach the same conclusion on remand. See *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011).

This aspect of the decision does not require a remand. As the Commissioner observes, Winkelman does not argue that the ALJ's finding that his only left-arm limitation is occasional overhead reaching is unsupported by substantial evidence. Rather, he argues that Dr. Patrick-MacKinnon's opinion supports a conclusion that his left-arm reach is restricted in all directions, and the ALJ must specify why she rejected that part of the opinion. He is incorrect. Other than a box that the doctor checked, no evidence suggests that Winkelman's left arm reach is restricted in all directions. Check-box forms, unexplained, are generally weak evidence. See *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010). That is especially true here, where Dr. Patrick-MacKinnon was a non-treating physician who never examined Winkelman. See 20 C.F.R. § 404.1527(c)(1). Moreover, substantial evidence conflicts with this checked box. As already mentioned, and as the ALJ noted, Winkelman admitted that he could reach in front, and three examining physicians said he had full range of left-arm motion. Thus, because nothing suggests that a remand would alter the outcome, no further clarification from the ALJ is needed. See *McKinzey*, 641 F.3d at 892.

Finally, Winkelman contends that, if the ALJ relied on the three medical exams showing that Winkelman had full range of motion in both arms, she erred because they

do not specify how often he has this range. But Winkelman did not argue this defect to the district court, and so he has waived this argument. See *Jeske v. Saul*, 955 F.3d 583, 597 (7th Cir. 2020). In any event, Winkelman bore the burden of proving "how often" his arms could not reach full range in all directions, but he failed to introduce such evidence. See 20 C.F.R. § 404.1512(a); *Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). So this argument, even if not waived, is unsupported.

We therefore AFFIRM the judgment of the district court upholding the Commissioner's decision.